[No. 16006.   Department One.   December 20, 1920.]

ALEX LARSEN, *Respondent*, v. W. S. RUSSELL *et al.*, *Appellants.*[1]

TENDER (13) —PAYMENT INTO COURT—OPERATION AND EFFECT— UNCONDITIONAL TENDER. In an action to foreclose a mechanics' lien, where defendants made an unconditional tender of an amount in excess of the sum due the plaintiff, the recovery should be for that sum, but without costs or attorney's fees.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered March 27, 1920, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court. Reversed.

*Warren H. Lewis,* for appellants.

*Bell & McNeil,* for respondent.

FULLERTON, J.—The appellants Russell erected a dwelling house on real property owned by them, situated in the city of Seattle. They contracted in writing with the respondent Larsen to paint the building in accordance with certain specifications prepared by the architect of the building, agreeing to pay the respondent on the completion of the work the sum of $535. During the progress of the work, $510 was paid on the contract. On completing the work, the respondent made claim to $304.50 for extra work performed and extra materials furnished, and rendered a bill to the

[1]Reported in 194 Pac. 535.

appellants for that sum. In this bill, the items making up the account were itemized. Prior to any further action taken thereon, the appellants tendered to the respondent in satisfaction of the amounts claimed the sum of $250; this to include the balance of $25 due upon the contract. The respondent refused to accept the tender, filed a lien on the property for the amount claimed and subsequently brought the present action to foreclose the lien. The complaint contains the usual allegations in such cases.

The appellants filed an answer admitting the sum of $25 to be due on the contract and the sum of $73.50 to be due for extra work and material, and denied that any greater sum was due thereon. They pleaded, however, their former tender of $250, and brought the money into court, praying that the plaintiff (respondent) be allowed to take nothing in excess of the amount admitted to be due, "and that said sum of $250, herewith deposited by these defendants in the registry of the court be awarded, distributed and disposed of by the court between the parties hereto as shall be just and equitable." The court allowed a recovery of $275 on the account and $75 as an attorney fee, and entered a decree foreclosing the lien for these sums with costs.

In its findings, the court did not particularize the items of the account which he allowed or disallowed, but made a general finding that a specific sum was due. It is our opinion that the amount allowed by the court is still too large. Certain of the items of the account were charges for work which was within the terms of the original contract, and the charges for certain others admitted as extras were grossly extravagant. Making the proper deductions, the amount justly recoverable was well within the amount of the tender, although in excess of the amounts admitted in the

answer to be due. But the tender was unconditional. The respondent was entitled to take that sum regardless of how much less he may have been justly entitled to take. The recovery, therefore, should have been for the amount tendered, but without costs or attorney's fees.

The judgment is reversed, and the cause is remanded with instructions to enter a judgment as herein indicated. The appellants will be allowed costs in this court.

HOLCOMB, C. J., PARKER, BRIDGES, and MACKINTOSH, JJ., concur.